No. ——

First Circuit

———

COBB BROS. GROCERY CO. v. BURKE

———

(June 28, 1927.  Opinion and Decree.)
(See page 577, De Ridder Grocery Co. v. Clarke.)

———

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Payment—Par. 3.
Payments to an adjustment company made after the account had been withdrawn by the creditor but before notification of that fact to the debtor are valid but those made after notification are illegally made.

Appeal from Vernon Parish.  Hon. H. A. Burgess, District Judge.

Action by Cobb Brothers Grocery Com- pany against T. M. Burke.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. I. Foster, of Leesville, attorney for plaintiff, appellee.

Hardin, Hardin & Cavanaugh, of Lees- ville, attorneys for defendant, appellant.

MOUTON, J.  Plaintiff placed an ac- count for collection against defendant in the hands of the Mobile Adjustment Serv- ice Company, which extended the time of payment thereon to defendant.  This extension was without authority, and the plea of pre-maturity filed by defendant was properly overruled.  Defendant paid $35.00 on the account to the Mobile Ad- justment Company in installments of $5.00 each.  The two last payments were made April 24, 1926, and May 22, 1926.

Plaintiff withdrew the collection of the account from the Mobile Adjustment Com- pany, September 16, 1925, but did not notify defendant of this withdrawal with notification not to continue payments to said adjustment company until March 10, 1926.  The payments of $25.00 made prior to this notification are valid, but the two on April 24, 1926, and May 22, 1926, which were subsequent thereto, were illegally made.  The district judge rendered judg- ment for plaintiff subject to a credit of $25.00 on the account.  No briefs were filed in this case by either side, but after going carefully over this record,

finding no error in the judgment, it is therefore affirmed with cost.

ELLIOTT, J. The authority, "In consideration of the services to be performed by Mobile Adjustment Service, the undersigned hereby assigns to Mobile Adjustment Service the following described claims, with full power and authority to settle same and the undersigned hereby agrees to pay Mobile Adjustment Service a commission on each claim as soon as colected, satisfactoriy setted, or withdrawn, according to terms printed opposite." And the statement at the bottom of the sheet, "Immediatey notify us of any settlement made on these accounts," when taken athogether, shows that Mobile Adjustment Service had no authority, except that of a collector, which could be withdrawn as was done, effective as to the debtor from notice of the withdrawal. As for the word "assigns" used in the agreement, see explanation in concurring opinion in De Ridder Grocery Co. vs. Varis Clark, this day decided.